IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| TAZEWELL M. REED | : | CIVIL ACTION |
| v. | : | |
| NATIONAL RADIO ASTRONOMY OBSERVATORY (NRAO) | : | NO. 05-71 |

MEMORANDUM

Bartle, C.J.                                              February 10, 2009

In an order dated November 17, 2008, this court granted the motion of defendant National Radio Astronomy Observatory ("NRAO") for summary judgment. We entered judgment in NRAO's favor and against plaintiff Tazewell M. Reed. Reed, acting pro se, subsequently filed several self-titled documents on December 10, 2008, January 21, 2009, and January 30, 2009. We understand him to be asking this court to reconsider and vacate its November 17 order and to grant a hearing on the matter.[1] We have a duty to construe liberally Reed's pro se submissions. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Reed can bring a post-judgment motion only under Rules 59 or 60 of the Federal Rules of Civil Procedure. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's

---

1. Of the four documents Reed filed, three use the title "Notice" and one, the request for a hearing, is labeled "Motion." All four, however, appear to ask this court to reconsider or set aside our November 17, 2008 order and we have reviewed the arguments in each.

<u>Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). Rule 59(e) permits a motion to alter or amend a judgment if it is filed "no later than 10 days after the entry of the judgment." Under Rule 6(b)(2), "[a] court must not extend the time to act under Rules ... 59(b), (d), and (e), and 60(b), except as those rules allow." Reed made all of his recent filings more than ten days after judgement was entered. We therefore cannot consider a Rule 59(e) motion.

Rule 60(a) provides for relief from a judgment or order based on clerical mistakes. Under Rule 60(b):

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60 motions may be made within a year after the entry of judgment. Fed. R. Civ. P. 60(c).

Reed's filings do not fall within any of the Rule 60 categories. To the extent he describes new incidents and evidence they do not create a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). In fact, there is no suggestion that what Reed presents is newly discovered evidence at all or that he could not have previously presented it. Reed primarily raises the same arguments as those he argued when we considered the defendant's motion for summary judgment. Our conclusion on summary judgment that "NRAO was justified in firing Reed as a matter of law" remains sound. <u>Reed v. Nat'l Radio Astronomy Observatory</u>, 2008 WL 4951505 at *3.

Accordingly, we will deny plaintiff's motion to request a hearing, which in effect appears to be a motion for reconsideration.